UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELISSA A. KNIGHT,

      Plaintiff,

v.                              Case No. 3:25-cv-13-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____

**OPINION AND ORDER**[2]

**I.   Status**

Melissa A. Knight ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of lupus and corresponding symptoms, fibromyalgia, and anxiety. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed March 7, 2025, at 72, 82, 215. Plaintiff protectively filed an

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

application for DIB on March 8, 2021, alleging a disability onset date of November 25, 2020.[3] Tr. at 184-87. The application was denied initially, Tr. at 71, 72-80, 93-96, and upon reconsideration, Tr. at 81, 82-91, 105-07.[4]

On August 8, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 42-70. On August 30, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-23.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer and additional medical evidence in the form of a lupus medical assessment dated June 12, 2023 by examining physician William Choisser, M.D. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 38-41 (Dr. Choisser's report and counsel's cover letter), 182-83 (request for review), 345-49 (brief). On November 7, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On January 6, 2025, Plaintiff

---

[3]     The DIB application was actually completed on March 16, 2021. Tr. at 184. The protective filing date is listed elsewhere in the administrative transcript as March 8, 2021. See, e.g., Tr. at 72, 82.

[4]     Some of these documents are duplicated in the administrative transcript, in both English and Spanish. Citations are to the first time a document appears.

[5]     The hearing was held via telephone with Plaintiff's consent. See Tr. at 44-45, 172, 297.

commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in 1) "improperly evaluat[ing] Plaintiff's] fibromyalgia and its effect on her ability to perform her past relevant work," contrary to Social Security Ruling ("SSR") 12-2p; and 2) "fail[ing] to make findings of fact as to [Plaintiff's] ability to engage in fine and gross manipulation and fail[ing] to articulate explicit and adequate reasons for rejecting her statements as to her limitations." Plaintiff's Brief (Doc. No. 15; "Pl.'s Br."), filed May 12, 2025, at 1; see id. at 11-25. On June 3, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on June 17, 2025, Plaintiff's Reply Brief (Doc. No. 18; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the effects of Plaintiff's fibromyalgia consistent with SSR 12-2p. On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't

of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

ended the inquiry based on his findings at that step. See Tr. at 13-23. At step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity during . . . the third quarter of 2021." Tr. at 13 (emphasis and citation omitted). "However," the ALJ continued, "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity." Tr. at 13. The ALJ's next "findings address the period(s) [Plaintiff] did not engage in substantial gainful activity." Tr. at 13. At step two, the ALJ found that Plaintiff "has the following severe impairments: an immune deficiency disorder and degenerative disc disease." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except: occasionally climb stairs and ladders; frequently balance; occasionally stoop, kneel, crouch, crawl; frequently reach overhead and in all other directions bilaterally; should avoid concentrated exposure to extreme cold, pulmonary irritants, and hazards.

Tr. at 17 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a[n] Automobile Repair-Service Estimator and [a] Waitress, Informal." Tr. at 22 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from November 25, 2020, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

- 6 -

evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in evaluating her fibromyalgia, both as to the requirements set forth in SSR 12-2p and as to other findings set forth in the Decision. Pl.'s Br. at 11-19; Reply at 1-5. According to Plaintiff, despite "multiple physicians" concurring with the fibromyalgia diagnosis, the ALJ "ignored critical evidence and misapplied the provisions of SSR 12-2p." Pl.'s Br. at 12. Moreover, argues Plaintiff, the ALJ ignored that a state-agency physician, Elaine Holmes, M.D., opined Plaintiff had 18 trigger points on examination. <u>Id.</u> at 13, 15-16. As to Plaintiff's symptoms and the RFC, Plaintiff asserts that because the ALJ refused to acknowledge fibromyalgia as a medically determinable impairment, he "failed to explain why [Plaintiff's] symptoms were not credible in the context of fibromyalgia." <u>Id.</u> at 18.

Responding, Defendant argues the ALJ "properly found that Plaintiff did not have the [medically-determinable impairment] of fibromyalgia." Def.'s Mem. at 5 (some capitalization and emphasis omitted).   Regarding Dr. Holmes' opinion, Defendant concedes the ALJ failed to discuss the trigger point findings

- 7 -

but contends the ALJ "did consider Dr. Holmes' consultative examination report." Id. at 9. Ultimately, argues Defendant, the assigned RFC is supported by substantial evidence. Id. at 10.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); see also Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1287 (11th Cir. 2025). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other

- 8 -

> factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Malak, 131 F.4th at 1287; Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869.[7] The relevant SSR 12-2p "provides guidance on how the [Administration] develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." Sorter v. Soc. Sec. Admin., Comm'r, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing SSR 12-2p, 2012 WL 3104869).

---

[7] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that [the Administration has] adopted." 20 C.F.R. § 402.35(b)(1).

- 9 -

There are two main ways set forth in SSR 12-2p for evaluating whether fibromyalgia is a medically determinable impairment. The first way requires a claimant to have "[a] history of widespread pain" that "may fluctuate in intensity and may not always be present," as well as "[a]t least 11 positive tender points on physical examination" with various requirements; and finally, "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p. The second way requires "[a] history of widespread pain"; "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." Id.

Once an ALJ determines that a claimant has the medically-determinable impairment of fibromyalgia, the ALJ proceeds with a symptom-evaluation process. Id. "If objective medical evidence does not substantiate the [claimant's] statements about the intensity, persistence, and functionally limiting effects of symptoms, [the Administration is to] consider all of the evidence in the case record, including the [claimant's] daily activities, medications or other treatments the [claimant] uses, or has used, to alleviate symptoms; the nature and frequency of the [claimant's] attempts to obtain medical treatment for

symptoms; and statements by other people about the [claimant's] symptoms." Id.

Then, the fibromyalgia impairment is included in the five-step sequential evaluation process as with other impairments. Id. Importantly, when an ALJ is considering the RFC, SSR 12-2p directs that "for a person with [fibromyalgia,] we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'" Id.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Malak, 131 F.4th at 1285. It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must

consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found that Plaintiff's fibromyalgia diagnosis did not qualify as a "severe" impairment at step two. Tr. at 14. The ALJ reasoned as follows:

> [P]ain management treatment records reference a fibromyalgia diagnosis (Exhibits 8F and 14F). Fibromyalgia is a medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least three months. [Plaintiff's] fibromyalgia diagnosis does not comport with the requirements set forth in SSR 12-2p, which includes establishment by an acceptable medical source, a history of widespread pain, and at least eleven positive tender points on physical examination. Thus, fibromyalgia has not been established as a medically determinable impairment.

Tr. at 14.

The ALJ erred in evaluating Plaintiff's fibromyalgia. In discussing the fibromyalgia at step two and determining it was not a severe impairment, the ALJ indicated that the fibromyalgia diagnosis came from "pain management treatment records." Tr. at 14 (citations omitted). But, the diagnosis is broader reaching than that, and reflects thoughtful consideration by treating and examining physicians regarding fibromyalgia being the cause of many of Plaintiff's symptoms. See, e.g., Tr. at 694, 730-31, 735-36, 741-43, 754-55, 760-61, 768-70, 941-46, 950-51, 953-54, 958-60, 965-66, 970-72, 977-79 (pain management records), 777-86 (consultative examiner Dr. Holmes), 926, 933

(rheumatology records) 1028, 1032, 1035 (hospital records and discharge summary noting diagnosis by rheumatology), 1052-53, 1055 (consultative examiner Dr. Choisser assessing fibromyalgia and noting medication taken for it).

Moreover, the ALJ stated that the diagnosis did "not comport with the requirements set forth in SSR 12-2p," specifically referring to the requirements of: 1) an acceptable medical source establishing a diagnosis; 2) a history of widespread pain; and 3) at least eleven positive tender points on examination. Tr. at 14. It has been discussed above (and the ALJ seemed to recognize) that an acceptable medical source established a diagnosis. Further, the record is replete with Plaintiff's history of widespread pain. See, e.g., Tr. at 351-1101 (medical evidence). Finally, the ALJ apparently overlooked that Dr. Holmes specifically opined that Plaintiff had eighteen tender points on digital palpitation. See Tr. at 786.

In sum, judicial review is frustrated because the Court cannot be sure the ALJ considered the relevant evidence pertaining to Plaintiff's fibromyalgia and actually applied the directives of SSR 12-2p. Nor can the undersigned be sure that the ALJ considered the fibromyalgia effects in assigning the RFC. Reversal with remand is required for the ALJ to reconsider the effects of Plaintiff's fibromyalgia consistent with the requirements of SSR 12-2p.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reconsider the effects of Plaintiff's fibromyalgia consistent with SSR 12-2p;

(B)     If necessary, consider Plaintiff's other argument on appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 26, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record